# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARIE MCGONEGLE, individually and on behalf of those similarly situated. | : : : | CASE NO: 1:23-cv-199 |
| Plaintiffs, | : : | JUDGE |
| v. | : : | |
| UNION INSTITUTE AND UNIVERSITY, | : : : | PLAINTIFF'S COMPLAINT |
| and | : : | |
| THE BOARD OF TRUSTEES OF UNION INSTITUTE AND UNIVERSITY, | : : : : | |
| and | : : | |
| EDGAR L. SMITH, JR., BOARD CHAIR, | : : : | |
| and | : : | |
| DR. JEFFREY M. SHEPARD, BOARD VICE CHAIR, | : : : : | |
| and | : : | |
| DONALD FELDMAN, BOARD TREASURER, | : : : | |
| and | : : | |
| ROGER ALLBEE, TRUSTEE, | : : | |
| and | : : | |
| KAREN BIESTMAN, TRUSTEE, | : : | |
| and | : : | |
| DR. GLADYS GOSSETT HANKINS, | : | |

1

| | |
|---|---|
| TRUSTEE, | : |
| | : |
| and | : |
| | : |
| DR. EDWIN C. MARSHALL, TRUSTEE, | : |
| | : |
| and | : |
| | : |
| CHRISTINE VAN DUELMEN, TRUSTEE, | : |
| | : |
| and | : |
| | : |
| DR. KAREN SCHUSTER WEBB, PRESIDENT, | : |
| | : |
| **Defendants.** | : |

**PRELIMINARY STATEMENT**

1. This is a collective action and class action brought by Plaintiff Marie McGonegle, on behalf of herself and all others similarly situated, to recover compensation from Defendants Union Institute and University ("Union"), the Board of Trustees of Union Institute and University (the "Board"), Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldman, Roger Allbee, Karen Biestman, Dr. Gladys Gossett Hankins, Dr. Edwin C. Marshall, Christine Van Duelman, (collectively, the "Board Defendants") and Dr. Karen Schuster Webb.

2. Defendants have employed numerous employees who have not been paid for the work they have performed since March 10, 2023. Defendants have indicated to Plaintiff that they have no intention of paying Plaintiff and those similarly situated, for the work they have performed.

3. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and (2) as an opt-in collective action on behalf of herself and all

2

similarly situated individuals for violations of Ohio law.

**PARTIES**

4. Plaintiff Marie McGonegle is an hourly employee of Defendants and a resident of this judicial district.

5. Plaintiff brings this action on behalf of herself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendants during the relevant statutory period and have not been paid for work they have performed.

6. Plaintiff brings this action on behalf of herself and all other similarly situated individuals in Ohio ("Ohio Collective") pursuant to ORC §§ 4111.02 and 4111.14, Plaintiff and the Ohio Collective were, or are, employed by Defendants during the relevant statutory period and have not been paid for work they have performed.

7. Plaintiff also brings this action under ORC § 4113.15 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were or are employed by Defendants and have not been paid the full wages owed to them within the statutory period.

8. Defendant Union Institute and University ("Union") is an Ohio non-profit corporation with a principal place of business in this judicial district.

9. Defendant Board of Trustees of Union Institute and University (the "Board"), is the governing body with ultimate oversight over Defendant Union.

10. Defendants Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldman, Roger Allbee, Karen Biestman, Dr. Gladys Gossett Hankins, Dr. Edwin C. Marshall, Christine Van Duelman, (collectively, the "Board Defendants") are the present members of Defendant

Board.

11. Defendant Dr. Karen Schuster Webb is the President of Defendant Union.

12. Defendants subjected Plaintiff and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

14. This Court has supplemental jurisdiction to hear Plaintiff's state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiff's federal claims.

15. Venue in this Court is proper, as the Defendants are residents of this judicial district and a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

16. Defendants are "Employers" within the meaning of the FLSA.

17. At all times relevant herein, Defendant Webb was acting in her capacity as President of Defendant Union.

18. At all times relevant herein, Defendants Board and Board Defendants were acting in their capacities as Board and Trustees of Defendant Union.

19. Plaintiff and the putative collective/class members are individuals who were or are employed by Defendants and who were subject to Defendants' policies and/or practices of not paying the wages owed to them.

20. Since at least March 10, 2023, for non-exempt employees and February 24, 2023 for salary employees, Defendants have failed to timely pay Plaintiff, the FLSA Collective, and the

Ohio Collective for work performed.

21. Defendants operate an institution of higher learning with an emphasis on online education. Defendants maintains physical presences in Cincinnati, Ohio, Hollywood, Florida, and Sacramento, California.

22. Upon information and belief, the FLSA Collective includes individuals throughout the United States and abroad.

23. Defendant Dr. Karen Schuster Webb represents herself as the President of Defendant Union, and she is responsible for and controls Defendant Union's payroll practices, policies, and procedures alleged herein.

24. Defendant Board and the Board Defendants represent themselves as the Board of Trustees and Trustees, respectively, and are responsible for and control Defendant Union's payroll practices, policies, and procedures alleged herein.

25. Defendants were aware, or should have been aware, that Plaintiff and the putative collective members were entitled to payment for all hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

27. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid wages and liquidated damages. The proposed FLSA collective is defined as follows:

> All persons who worked for Defendants and were not paid the minimum wage for work performed after March 10, 2023 ("FLSA Collective").

28. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in form is attached hereto.

29. As this case proceeds, it is likely that other individuals will file consent forms and join as

"opt-in" Plaintiffs.

30. During the applicable statutory period, Plaintiff and the putative FLSA Collective members often worked without receiving minimum wage for their hours worked.

31. Even if Defendants were to pay Plaintiff and the FLSA Collective's wages after the pay date, such action still constitutes a violation of the FLSA. See e.g., *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

32. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay their employees minimum wage when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**OHIO COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

35. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid wages and liquidated damages. The proposed Ohio Collective is defined as follows:

> All persons who worked for Defendants in the state of Ohio and were not paid the minimum wage for work performed after February 24, 2023. ("Ohio Collective").

36. Plaintiff has consented in writing to be a part of this action pursuant to ORC 4111.14(K). The opt-in form is attached hereto.

37. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

38. During the applicable statutory period, Plaintiff and the putative Ohio Collective members often worked without receiving minimum wage for their hours worked.

39. Defendants willfully engaged in a pattern of violating Ohio wage and hour law as described in this Complaint by failing to pay their employees minimum wage when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of Ohio law.

40. Defendants are liable under Ohio law for failing to properly compensate Plaintiff and the Ohio Collective. Accordingly, notice should be sent to the Ohio Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
### (On behalf of Plaintiff and the FLSA Collective)

41. Plaintiff and the FLSA Overtime Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

42. The FLSA, 29 U.S.C. §206, requires employers to pay employees at a rate not less than $7.25 per hour worked.

43. Defendants often suffered and permitted Plaintiffs and the FLSA Collective to work in a workweek without compensation.

44. Defendants violated the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required minimum wage rate.

45. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

### COUNT II – VIOLATION OF ORC §4111.02
### FAILURE TO PAY OHIO MINIMUM WAGE
### (On behalf of Plaintiffs and the Ohio Collective)

47. Plaintiff and the Ohio Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

48. ORC § 4111.02 requires employers to pay employees at the minimum wage established in Section 34a, Article II of the Ohio Constitution.

49. Defendants violated ORC § 4111.02 by repeatedly failing to pay the applicable minimum wage to their employees.

50. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Collective have suffered a loss of income.

51. The foregoing conduct, as alleged, constitutes a willful violation of Ohio law. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of herself and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Designation of this action as a collective action on behalf of Plaintiff and the Ohio Collective, and prompt issuance of notice pursuant to Ohio law to the Ohio Collective apprising them of the pendency of this action, and permitting them to assert timely Ohio claims in this action by filing individual consent forms;

3. Judgment that Plaintiff and those similarly situated employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of pre and post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

*/s/ Matthew S. Okiishi*

_____
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiffs*