UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIE MCGONEGLE, individually and on behalf of those similarly situated, | ) CASE NO: 1:23-cv-00199 <br> : <br> ) Judge Cole |
| Plaintiffs, | : <br> ) |
| v. | : <br> ) |
| UNION INSTITUTE AND UNIVERSITY, et al., | : <br> ) |
| Defendants. | : |

## ANSWER

For their combined Answer to Plaintiffs' Amended Complaint (Doc. #3), the Defendants, Union Institute and University (the "Union"); the Board of Trustees of Union (the "Board"); and the individual trustee members of the Board, Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldman, Roger Allbee, Karen Biestman, Dr. Gladys Gossett Hankins, Dr. Edwin C. Marshall, Christine Van Duelman, and Dr. Karen Schuster Webb (collectively, the "Board Defendants") respond to the allegations in each numbered paragraph of the Amended Complaint as follows:

1.  In answering Paragraph 1, Defendants state that Plaintiff on April 12, 2023, amended her original complaint and that her Amended Complaint is her operative pleading to which this Answer is responding.

2.  Defendants state that the allegations contained in Paragraph 2 constitute a purported description of this action, to which no response is required. To the extent a response may be required, Defendants admit that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA") and pursuant to Article II, §34a, Ohio Constitution ("Ohio Claim"). Defendants deny that any such claims are valid and/or that Defendants engaged in unlawful or wrongful conduct relative to Plaintiff or anyone else. Defendants further aver that, at all relevant times, it

1

has been both the policy and practice of Union to pay all of its employees all of the wages they are owed for all of the time that they work, in accordance with all applicable laws and regulations. Defendants further aver that all employees have been paid their wages for the short time period in question, although tardy. Union does not expect or require and has never expected or required any of its employees to perform any work without being paid for their time performing such work.

3. Defendants deny the allegations of Paragraph 3.

4. Defendants state again that the allegations contained in Paragraph 4 constitute a purported description of this action, to which no response is required. To the extent a response may be required, Defendants admit that Plaintiff purports to bring an FLSA claim and the Ohio Claim. Defendants deny that any such claims are valid and/or that Defendants engaged in unlawful or wrongful conduct relative to Plaintiff or anyone else. Defendants further aver that all employees have been paid their wages for the short time period in question, although tardy.

5. Defendants admit that at the time the Amended Complaint was filed, Plaintiff was a non-exempt hourly employee of only Union and a resident of this judicial district in answer to Paragraph 5.

6. Defendants state that Plaintiff purports to bring a collective action on behalf of herself and all other alleged similarly situated individuals pursuant to the FLSA and denies all other allegations of Paragraph 6.

7. Defendants state that Plaintiff purports to bring a class action on behalf of herself and all other alleged similarly situated individuals pursuant to Article II, §34a, Ohio Constitution and denies all other allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. In answering Paragraph 13, Defendants state that Plaintiff purports to bring a hybrid action based on the FLSA and the Ohio Constitution but neither claim has merit. Further, Defendants do not contest jurisdiction over Plaintiff's FLSA claim, but deny that this Court should exercise supplemental jurisdiction over the Ohio Claim.

14. In answering Paragraph 14, Defendants admit that this Court has discretion to exercise jurisdiction over Plaintiff's Ohio Claim under 28 U.S.C. 1367 but further state that this Court should decline supplemental jurisdiction over the Ohio Claim even though they purport to arise out of the same transaction or occurrence as Plaintiff's FLSA claim.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants state that Paragraph 16 calls for a legal conclusion, to which no response is required. To the extent a response may be required, Defendants admit that only Union is an Employer within the meaning of the FLSA and deny that the Board and Board Defendants are Employers within the meaning of the FLSA.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants admit the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants admit that Dr. Webb is the President of Union having responsibilities consistent therewith and deny all other allegations of Paragraph 23.

24. Defendants that the Board and Board Defendants have the responsibilities consistent with those positions and deny all other allegations of Paragraph 24.

25. Defendants admit the allegations of Paragraph 25.

<strong>(FLSA Collective Action Allegations)</strong>

26. Defendants restate their answers to each of the preceding paragraphs as if fully set forth here in answering Paragraph 26.

27. Defendants state that the allegations contained in Paragraph 27 constitute a purported description of this action and the purported collective, to which no response is required. To the extent a response may be required, Defendants admit that Plaintiff purports to bring a collective action under the FLSA but deny that any such claim is valid and/or that Defendants engaged in unlawful or wrongful conduct relative to Plaintiff or anyone else. Defendants further aver that, at all relevant times, it has been both the policy and practice of Union to pay all of its employees all of the wages they are owed for all of the time that they work, in accordance with all applicable laws and regulations. Defendants further aver that all employees have been paid their wages for the short time period in question, although tardy. Union does not expect or require and has never expected or required any of its employees to perform any work without being paid for their time performing such work.

28. Defendants admit that Plaintiff has files an "opt-in form" in this action and deny all other allegations of Paragraph 28.

29. Defendants admit the allegations of Paragraph 29.

30. Defendants deny that Plaintiff or others often worked without receiving minimum wage for their hours worked in answering the allegations of Paragraph 30.

31. Defendants admit that Union has fully paid Plaintiff and all other non-exempt employees all wages due and further state that the remaining portions of Paragraph state a legal conclusion for which no response is required.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

### (Ohio Class Action Allegations)

34. Defendants restate their answers to each of the preceding paragraphs as if fully set forth here in answering Paragraph 34 and further incorporate the contemporaneously filed Motion To Dismiss in answering the Ohio Class Action Allegations and Paragraph 34.

35. Defendants state that the allegations contained in Paragraph 35 constitute a purported description of a class action based on Ohio laws, to which no response is required. To the extent a response may be required, Defendants deny that any such claim is valid and/or that Defendants engaged in unlawful or wrongful conduct relative to Plaintiff or anyone else. Defendants further aver that, at all relevant times, it has been both the policy and practice of Union to pay all of its employees all of the wages they are owed for all of the time that they work, in accordance with all applicable laws and regulations. Defendants further aver that all employees have been paid their wages for the short time period in question, although tardy. Union does not expect or require and has never expected or required any of its employees to perform any work without being paid for their time performing such work.

36. Defendants deny the allegations of Paragraph 36 of the Amended Complaint and further assert that Union employed no more than 26 Ohio residents in non-exempt positions during

the relevant time. Accordingly, the numerosity element for a class action under Fed.R.Civ. P. 23(a)(1) is not satisfied.

37. Defendants deny that McGonegle's claims are typical or that Union had policies and practices of failing to pay appropriate and timely minimum wage compensation in answering Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42 and state no response is required to what "Plaintiff intends to" do.

43. Defendants deny the allegations of Paragraph 43.

## Count I – FLSA Claims

44. Defendants restate their answers to each of the preceding paragraphs as if fully set forth here in answering Paragraph 44.

45. Defendants state that Paragraph 45 calls for a legal conclusion to which no response is required. To the extent a response may be required, Defendants admit that the FLSA requires employers to pay employees at a rate not less than $7.25 per hour worked.

46. Defendants admit that, for a short time, pay to some non-exempt employees was delayed for reasons beyond Defendants' control but all such employees were paid prior to or shortly after this suit was filed in answering the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

## COUNT II – Ohio Claims

50. Defendants restate their answers to each of the preceding paragraphs as if fully set forth here in answering Paragraph 44 and further incorporate the contemporaneously filed Motion To Dismiss in answering Paragraphs 50-55 of the Amended Complaint.

51. Defendants state that Paragraph 51 calls for a legal conclusion to which no response is required. To the extent a response may be required, Defendants admit that the Ohio Constitution requires employers to pay employees a minimum wage.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny all allegations of the Amended Complaint not expressly admitted above.

## FURTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and Defendants expressly deny that Plaintiff and any other current or former employees of Union are owed any compensation and/or have suffered any damages. Defendants further aver that, at all relevant times, it has been and is both the policy and practice of Union to pay all of its employees all of the wages they are owed for all of the time that they work, in accordance with all applicable laws and regulations, and therefore neither Plaintiff nor anyone else has suffered a loss of income as a result of the alleged actions.

### SECOND DEFENSE

Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective treatment of Plaintiff's claims.

### THIRD DEFENSE

Plaintiff cannot satisfy the requirements for a class action under Federal Rule of Civil Procedure 23, thus barring class treatment of Plaintiff's claims.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the weekly wages at issue met the minimum weekly requirements of the FLSA and/or Ohio state law.

### FIFTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing their respective actions were in compliance with the FLSA and Ohio wage laws.

### SIXTH DEFENSE

Plaintiff received all wages, payments, and compensations to which she was entitled.

### SEVENTH DEFENSE

Plaintiff is not an adequate representative of the purported classes under the FLSA and/or state law. As such, the Court should not certify of any purported class.

### EIGHTH DEFENSE

Should this Court certify this matter (conditionally or otherwise) as a class or collective action, Defendants assert each of these defenses with respect to each person filing a consent form.

### NINTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses or defenses about which they become knowledgeable during the course of discovery.

WHEREFORE, having fully answered the Complaint, Defendants move this Court for an Order dismissing Plaintiff's Amended Complaint, with prejudice, at Plaintiff's cost, and an award for all reasonable attorneys' fees, costs, and any other relief this Court deems just and proper.

Respectfully submitted,

BRICKER GRAYDON LLP

*/s/ Michael A. Roberts*
Michael A. Roberts (#0047129)
John B. Pinney (#0018173)
BRICKER GRAYDON LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 629-2799
Fax: (513) 651-3836
mroberts@brickergraydon.com
jpinney@brickergraydon.com
*Attorneys for Defendants*

12848361.1