UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE MCGONEGLE, individually and on behalf of those similarly situated, | : : : | Case No. 1:23-cv-00199 |
| | : | Judge Cole |
| Plaintiff, | : : | |
| v. | : : | |
| | : | PLAINTIFF'S MOTION FOR COURT |
| UNION INSTITUTE AND | : | SUPERVISED NOTICE AND |
| UNIVERSITY, *et al.*, | : | MEMORANDUM IN SUPPORT |
| | : | |
| Defendants. | : | |

Plaintiff Marie McGonegle, by and through her undersigned legal counsel, and on behalf of herself and those similarly situated, respectfully moves this Court for supervised notice to the following proposed class of individuals, pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), for minimum wage claims asserted under 29 U.S.C. §206(a). The unit requested for notice is:

> All persons who worked for Defendants, were not paid the minimum wage for work performed after February 24, 2023, and/or were not timely paid on any one or more pay dates after February 24, 2023.

As shown in the accompanying Memorandum, Plaintiff can demonstrate a "strong likelihood" that she is similarly situated to the class she seeks to represent as required by *Clark v. A&L Homecare & Training Ctr., LLC*, 68 4th 1003 (6th Cir. 2023).

Attached to this Motion is a proposed Notice of Collective Action Minimum Wage Lawsuit to be sent to the FLSA Class (Doc. 11-1). Plaintiff requests the Court's approval of the form of the Notice. To facilitate Notice, Plaintiff requests that the Court direct Defendants to provide to Plaintiff's counsel the names, last known addresses, and telephone numbers of the individuals described in the proposed unit.

Respectfully submitted,

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I. Introduction

Plaintiff alleges that Defendants failed to timely pay the minimum wage during multiple pay periods in 2023. Defendants, for their part, admit this is true. However, they contend that these payments (some of which were a month overdue) were "tardy," implying that delays in pay of up to a month are trivialities the law need not concern itself with.

Hardly.

The Fair Labor Standards Act, 28 U.S.C. §201, *et seq*. ("FLSA") stands for the proposition that a failure to pay the statutory minimum wage on time is detrimental to the health, efficiency, and general well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). And under this basic principle, courts have long held that "if a payday has passed without payment, the employer cannot have met his obligation to 'pay.'" *Herman v. Fabri-Centers of Am., Inc.*, 208 F. 3d 580, 591 (6th Cir. 2002) (citing *Biggs v. Wilson*, 1 F. 3d 1537, 1539 (9th Cir. 1993); See also *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836-837 (11th Cir. 2008) (collecting appellate cases).

Irrespective of whether Defendants' failure to pay the minimum wage is described as "tardy," "delayed," or "late," it constitutes a violation of the FLSA's minimum wage provision and requires redress. And every effected employee of Defendants should receive notice of this action and an opportunity to join it. As such, Court should authorize notice the following collective:

> All persons who worked for Defendants, were not paid the minimum wage for work performed after February 24, 2023, and/or were not timely paid on any one or more pay dates after February 24, 2023.

II. Overview

Union Institute and University is an Ohio-based university which offers distance learning to students. It is overseen by a Board of Trustees and Defendant Karen Schuster Webb, its

3

President. In 2020, the Union Institute and University received over $12 million in Federal Higher Education Act and veterans' financial aid funds.

Defendants employ approximately 100 employees who are tasked with the day-to-day operations of Union Institute and University. These individuals include student success coaches, building managers and staff, financial aid managers, and compliance specialists. Some employees are paid an hourly wage, while others are paid a salary. All employees are scheduled to receive their paychecks on a biweekly basis.

It is undisputed that Ms. McGonegle is an employee of Defendant Union. (Doc. 3. PAGEID 58, ¶5; Doc. 10, PAGEID 79, ¶5). It is not disputed that Defendant Union is an "employer" subject to the FLSA. (Doc. 10, PAGEID 80, ¶16). And it is not disputed that Defendant Union repeatedly failed to timely pay its employees the minimum wage. (Doc. 10, PAGEID 79, 83).

### III. Law & Argument In Support of Notice

#### A. Legal Authority for Court-Supervised Notice

The Supreme Court in *Hoffmann-LaRoche Inc. v. Sperling,* 493 U.S.165 (1989) held that there is an implied power for the Court to "facilitate notice" of FLSA suits to "potential plaintiffs." *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Supreme Court reasoned that effectuation of the opt-in provisions depends on employees receiving accurate and timely notice concerning the pendency of the collective action so that they can make informed decisions about whether to participate. *Id* at 170. The Sixth Circuit has further held that a district court's determination to facilitate notice of an FLSA suit is "analogous to a court's decision whether to grant a preliminary injunction" in that plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 4th 1003 (6th Cir. 2023).

      B. <u>Plaintiff has established a strong likelihood that she is similarly situated to other Union employees.</u>

Section 206 of the FLSA provides that every employer shall pay to each of his employees wages of not less than $7.25 per hour. 29 U.S.C. § 206. Employers who violate Section 206 are liable to the employee in the amount of the unpaid minimum wage and in an equal amount as liquidated damages. 29 U.S.C. § 216(b). Plaintiff's Amended Complaint alleges that she and the putative collective were all employed by Defendants and were not paid anything on the proper pay date. (Doc. 3, PAGEID 59).  Plaintiff bolsters her allegations in the Amended Complaint with Declarations from herself and an opt-in plaintiff, Ray Bolin. (Declaration of Marie McGonegle, Doc. 11-2, PAGEID 98-104; Declaration of Ray Bolin, Doc. 11-3, PAGEID 105-111.) These Declarations include not only the testimony of the declarants, but also include emails from party-opponent Defendant Webb openly admitting that pay dates were missed. (*Id.*) Additionally, Defendants admit that its payments to employees have been late. (Doc. 10, PAGEID 79, 83).

Under Sixth Circuit precedent, this late payment of the minimum wage is identical to nonpayment and a violation of the FLSA. *Herman*, supra, at 591 (6th Cir. 2002). The Sixth Circuit does not stand alone in this position. Rather, numerous Circuit Courts have arrived at the same conclusion. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960) (a requirement of prompt payment under the FLSA is "clearly established by the authorities"); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1299 (3rd Cir. 1991) (liquidated damages exist to compensate employees for the losses incurred of not receiving their wages "at the time they were due."); *Roland Elec. Co. v. Black*, 163 F. 2d 417, 421 (4th Cir. 1947) (failure to pay compensation promptly and when due on any regular payment date immediately gives rise to a cause of action); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1945) (under the FLSA if an employer on any regular payment date fails to pay the full amount of the minimum wages and overtime

compensation due an employee, damages immediately arise)[1]; *Calderon v. Witvoet*, 999 F. 3d 1101, 1007 (7th Cir. 1993); *Biggs v. Wilson*, 1 F. 3d 1537, 1539-41 (9th Cir. 1993) ("if a payday has passed without payment, the employer cannot have met his obligation to pay.")[2, 3]

Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Myers v. Marietta Mem. Hosp.*, 201 F.Supp. 3d 884, 890 (S.D. Ohio 2016) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2003)). In light of the record and the law, Plaintiff has more than established a strong likelihood that her coworkers are similarly situated to her and notice is appropriate.

**IV.     Request For Court Supervised Notice**

The District Court has the discretion to authorize the sending of Notice by Plaintiff to potential class members in an appropriate case. Plaintiff has established this is an appropriate case. The Complaint alleges that the violation of minimum wage laws began in February 2023. (Doc. 3,

---

[1] Fifth Circuit decisions issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] In *Biggs*, an agency of the State of California was prohibited by law from releasing paychecks until a budget was passed. *Biggs*, supra, at 1538. At the time, the legislature was experiencing a "perennial rite" of a budget impasse, and when a budget was approved, paychecks went out two weeks late. *Id*. The Ninth Circuit held that the state was liable for violating the FLSA.

[3] Where Circuit Courts have not spoken directly on the issue, District Courts within those Circuits have endorsed these previously cited holdings. *Sulllivan v. Dumont Aircraft Charter, LLC*, 364 F. Supp. 3d 63, 86 (D. Mass. 2019) ("Courts have interpreted the FLSA to require that employers pay their employees promptly."); *Myers v. Iowa Bd. of Regents*, 458 F.Supp. 3d 1075, 1085 (S.D. Iowa 2020) ("Several courts interpreting the FLSA have held the statute requires 'prompt payment' of the minimum wage covering all hours worked."); *Shepard v. City of Waterloo*, 2015 U.S. Dist. LEXIS 167882, *81 (N.D. Iowa Dec. 15, 2015) ("Courts have held that late payment of FLSA liabilities violates the statute."); *Jones v. Peopleready Inc.*, 2022 U.S. Dist. LEXIS 108066, *17 (Dist. Col. June 16, 2022) (The FLSA requires only the "on time payment for work performed" "on the regularly scheduled paydays"); *Martin v. United States*, 117 Fed. Cl. 611, 621 (Fed. Cl. 2014) ("The FLSA requires…that an employee receive on time payment for work performed…such timeliness to [means] that an employer pays an employee on the regularly scheduled paydays.").

PAGEID 59). Thus, notice should be directed to all employees employed on and after February 1, 2023. [4]

To facilitate the sending of notice, Plaintiff requests the Court to issue an order directing Defendants to provide to Plaintiff's counsel the names, last known mailing addresses, telephone numbers, and email addresses of all members of the proposed class who were employed during the past three years. Provision of the names and addresses of potential members has long been approved to facilitate effective notice. *Hoffman-La Roche* at 170. Furthermore, disclosure of telephone numbers and email addresses have likewise been approved by this Court. *Morrison v. Columbus Fam. Health Care LLC*, Case No. 2:22-cv-3460, 2023 U.S. Dist. LEXIS 79494, *22 (S.D. Ohio May 5, 2023); *Hawkins v. Extended Life Home Care, Ltd.*, No. 2:18-CV-344, 2019 U.S. Dist. LEXIS 30887, *10 (S.D. Ohio Feb. 27, 2019) Plaintiff requests that the names, addresses, telephone numbers, and emails be disclosed within 14 days of the Court's Order in a format compatible with that of Plaintiff's counsel.

### V. Conclusion

In light of the foregoing, Plaintiff respectfully requests that the relief sought in this Motion be granted. Specifically, Plaintiff requests that (1) the Court approve the proposed Notice, and (2) that the Court direct Defendants to provide Plaintiff with the requested contact information for the class so that she may give potential plaintiffs notice of this case and an opportunity to join this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

---

[4] Attached to this Memorandum is a Notice directed to the similarly situated employees which informs them of the federal claim and their right to join the FLSA class. Plaintiff respectfully requests that the Court approve this Notice.

Respectfully submitted,

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 7th day of July 2023, and electronically served upon all counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)