UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MARIE MCGONEGLE, individually and on behalf of those similarly situated,** <br><br> Plaintiff, <br><br> v. <br><br> **UNION INSTITUTE AND UNIVERSITY,** *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00199 <br><br> Judge Cole <br><br> JOINT MOTION FOR ORDER (1) APPROVING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS; AND (2) APPROVING PAYMENT OF ATTORNEYS' FEES AND COSTS |

Come now the parties, Plaintiff Marie McGonegle, individually and on behalf of those similarly situated, and Defendants Union Institute and University, The Board of Trustees of Union Institute and University, and Dr. Karen Shuster Webb, jointly, and move for approval of Settlement Agreement and Release of Claims resolving the Plaintiffs' claims in the Complaint filed on April 11, 2023. The Settlement Agreement and Release of Claims is being submitted to the Court as **Exhibit A** with this Motion. A Proposed Order approving the settlement is attached as **Exhibit B**. A Memorandum in Support of this Motion follows.

Respectfully Submitted,

/s/ Matthew S. Okiishi

Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Ste. 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
Matt@finneylawfirm.com

*Counsel for Plaintiff*

/s/ Sean T. Needham, per auth.

Sean T. Needham (0081382)
Reminger Co. L.P.A.
101 West Prospect Ave., Ste. 1400
Cleveland, OH 44115
(216) 687-1311
Fax: (216) 687-1841
Sneedham@reminger.com

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

On April 11, 2023, Representative Plaintiff McGonegle initiated a lawsuit, individually and on behalf of those similarly situated, alleging that the Defendants failed to timely pay Plaintiff and the FLSA Collective for work performed in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and its state law equivalents between February 1, 2023, and October 31, 2023. (Doc. 1). The Defendants filed their Answer on June 12, 2023, denying any liability and affirmatively asserted that they had properly compensated Plaintiffs during their employment and raised a number of other affirmative defenses. (Doc. 2). The Parties maintain their respective positions.

During the course of these proceedings, five Plaintiffs opted-in to the proceeding and joined the Named Plaintiff, namely, Ray Bolin, Kelsay Corlew, Leslie Hamilton-Bruewer, Laura Wright, and Ryan Worthen. (Docs. 3-1, 5-1, 6-1, 7-1, 7-2, 15-1). The Parties engaged in significant arms-length settlement negotiations before Magistrate Judge Litkovitz and determined that it is in the best interest of both Parties to settle the current action. Those negotiations resulted in the Agreement set forth below.

**II.    TERMS OF THE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

The Agreement provides for the settlement of the claims made by Plaintiff in the above-captioned action on terms that were negotiated at arms-length between the Parties under the supervision of a magistrate judge and represents a fair and reasonable resolution of the Parties' dispute.

Specifically, the agreement between the Parties is as follows:

2

A. **Settlement Amount:** Defendants have agreed to pay a settlement in the amount of $110,000.00, which will be used to pay the individual Plaintiffs and all attorney's fees and costs.

   a. The first Fifty-Five Thousand Dollars ($55,000.00) of the Gross Settlement Amount shall be conveyed to the Finney Law Firm no later than September 30, 2023 (the "First Payment").

   b. The remaining Fifty-Five Thousand Dollars ($55,000.00) of the Gross Settlement Amount shall be conveyed to the Finney Law Firm by October 31, 2023, or upon the Court's approval for settlement, whichever event occurs first (the "Second Payment").

B. **Payments:**

   a. Plaintiff will seek a Service Award of Twenty-Two Thousand Dollars ($22,000.00) to be distributed equally among Representative Plaintiff Marie McGonegle and Opt-In Plaintiffs (Ray Bolin, Kelsay Corlew, Leslie Hamilton-Bruewer, Laura Wright, and Ryan Worthen).

   b. Plaintiff's attorney fees and costs will be paid from the same recovery in this case, amounting to Thirty-Three Thousand Dollars ($33,000.00).

   c. The remainder of the Settlement Fund, anticipated to be Fifty-Five Thousand Dollars ($55,000.00), will be set aside to compensate the Representative Plaintiff, Opt-In Plaintiffs, and all Participating Settlement Members on a pro rata basis.

C. **Releases:** All Plaintiffs will have signed a release of claims connected to their claims.

### III. ARGUMENT

#### A. Standards for Approval of an FLSA Settlement

The central purpose of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. *Crawford v. Lexington-Fayette Urban County Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202) (further citation omitted). To this end, "[a]n employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, *4-5, (S.D. Ohio Aug. 12, 2020) (citing *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6 (S.D. Ohio Dec. 2, 2016)).

As in this case, when the parties request a court's approval of the proposed settlement of FLSA claims, the court reviews the agreement to ensure that "(i) 'the settlement resolves a bona fide dispute under the FLSA' and (ii) that the settlement is 'fair, reasonable, and adequate.'" *Macknight v. Healthcare*, No. 2:20-vc-4508, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4, 2021).

1. **A Bona Fide Dispute Exists**

"The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *5 (S.D. Ohio May 30, 2012). Plaintiffs have maintained that Defendants have failed to timely pay them for their hours of work. Defendants contend that Plaintiffs have been properly compensated

and that any delay in pay was *de minimis*. At this juncture, no ruling resolved these different legal positions. Thus, the bona fide dispute justifies settlement of the claims.

2. **The Proposed Settlement is Fair and Reasonable**

Courts apply the following factors to determine whether a settlement is fair, reasonable, and adequate: (1) the complexity, expense, and likely duration of the litigation; (2) the likelihood of success on the merits; (3) the risk of fraud or collusion; (4) the public's interest in settlement; (5) the amount of discovery completed; (6) the opinion of class counsel and representatives; and (7) the reaction of absent class members. *Macaluso v. Zirtual Startups, LLC*, No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at *6 (S.D. Ohio Aug. 17, 2021); *Vigna*, 2016 U.S. Dist. LEXIS 166605, at *3. Not all cases will turn on all seven of these factors and "the Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008).

As to the first factor, the complexity, expense, and length of continued litigation militate in favor of this settlement. Plaintiffs' claims are complex in theory and factually nuanced. It would require a "detailed analysis of the statutory and case law, the payment's circumstances, the specific way in which Defendant received notice of the need to make such payment, and the timeliness in processing the payment" in order to properly analyze if the payroll errors were in violation of the FLSA. *Athan v. United States Steel*, 523 F. Supp. 3d 960, 967 (E.D. Mich. 2021). Further, should this matter continue, the Parties would need to complete significant discovery, brief and argue a motion for summary judgment, and based on the rulings, prepare for a trial. *Id*. Because the Parties "avoi[d] the costs, delays, and multitude of other problems associated" with the continued litigation of the Plaintiff's FLSA claims, the first factor weighs in favor of settlement. *Larue v.*

*Selfiestyler, Inc.*, No. 2:19-cv-03617, 2020 U.S. Dist. LEXIS 228605, at *5-6 (S.D. Ohio Dec. 4, 2020) (complexity, expense, and likely duration of continued litigation regarding FLSA claims favor approval of the joint settlement agreement).

The second factor of the Court's analysis, the likelihood of Plaintiff's success on the merits, also weighs in favor of settlement. "[A]ny likelihood of success on the merits by Plaintiff would require substantial motions practice and jury trial, and both the risks and expenses of continued litigation are likely outweighed by the benefits of the proposed settlement." *Larue*, 2020 U.S. Dist. LEXIS 228605 at *7-8. There is a significant risk that litigation may result in a lesser award to the collective. The settlement provides relief to the eligible Opt-In Plaintiffs in a prompt and efficient matter, and continued litigation would be of an uncertain duration, cost, and result. Because further litigation may prolong, or eliminate, Plaintiff's recovery, the second factor weighs in favor of settlement. *Larue*, 2020 U.S. Dist. LEXIS 228605 at *7-8 (finding that the benefit of proposed settlement outweighs the employee's likelihood of success).

The third factor weighs in favor of settlement, as the Agreement is free from fraud or collusion. Courts "respect the integrity of counsel involved and 'presume the absence of fraud or collusion' in settlement negotiations, unless evidence to the contrary is offered." *Larue*, U.S. Dist. LEXIS 228605, at *5-6 (citing *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001)). Here, there is no evidence of fraud or collusion relating to the Agreement. As such, the third factor weighs in favor of settlement.

The fourth factor weighs in favor of settlement. Further litigation would create judicial strain on the Court and its docket, as the Parties would engage in further motions practice. *Id*. at *8 (citing *In re Telectronics*, 137 F. Supp. 2d at 1025 (finding the public interest satisfied where

6

burden on "valuable judicial resources" was alleviated by settlement)). Because the Agreement avoids further strain on the Court and its docket, the fourth factor weighs in favor of settlement.

The sixth factor weighs in favor of settlement. The parties, through their counsel, engaged in good-faith settlement negotiations to resolve this matter. The agreement of both Plaintiff and Defendant's counsel that settlement is fair and reasonable weights in favor of approving the agreement. *Worthington v. CDW Corp.*, No. C-1-03-649, 2006 U.S. Dist. LEXIS 32100 at *13 (S.D. Ohio May 22, 2006).

The seventh factor weighs in favor of settlement, as the settlement specifically anticipates the reaction of individuals who have opted-in and those who have not. The existing Opt-In Plaintiffs have agreed to be bound by all settlements and rulings in this case. (Docs. 3-1, 5-1, 6-1, 7-1, 7-2, 15-1). The settlement further provides for a notice procedure to all potentially interested claimants, who will be afforded the opportunity to either join or reject the settlement without consequence.

As shown above, the Agreement is reasonable, fair, and adequate as it: (1) avoids the long and protracted litigation of Plaintiff's claims; (2) provides Plaintiff with a guaranteed recovery in excess of the missing overtime wages; (3) was made without a risk of fraud or collusion; (4) is in the public's interest; (6) is of the opinion of class counsel and representatives to be in the parties best interests; and (7) will not result in absent class members.

**B. The Attorney's Fees are Fair and Reasonable**

Where the settlement agreement proposes an award of attorneys' fees, such fees must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Id*. (quoting *Blum*,

465 U.S. at 897) (internal quotation marks and further citations omitted). This Court has found that a fee representing one-third of the total settlement amount is reasonable. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 U.S. Dist. LEXIS 160792, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp.*, Case No. 2:20-cv02173, 2021 U.S. Dist. LEXIS 184813, at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 U.S. Dist. LEXIS 155602, at *6 (S.D. Ohio Aug. 18, 2021) (finding a one-third attorney fees request to be reasonable).

Plaintiff's attorneys will receive Thirty-Three Thousand Dollars ($33,000.00), less than one-third of the Plaintiff's recovery, as compensation for the work completed on the case, and in anticipation of the work to be performed in administering the settlement through mailing of notice, responding to inquiries from interested members, and distributing the final settlement amounts. As the fees proposed in the Agreement amount to less than one-third of the Plaintiff's settlement amount for the claims, the attorneys' fees proposed are reasonable.

C. **A Service Award for Named Plaintiff McGonegle and Original Opt-In Plaintiffs is Appropriate**

Representative Plaintiff Marie McGonegle and Opt-In Plaintiffs Ray Bolin, Kelsay Corlew, Leslie Hamilton-Bruewer, Laura Wright, and Ryan Worthen were the primary communicators with the Collective's counsel. Their cooperation and information were instrumental in the drafting of the lawsuit. Their efforts have permitted Plaintiff's counsel to litigate the case thoroughly and effectively, making a modest award in recognition of their time and expense proper. *Crawford v. Lexington-Fayette Urban County Gov't*, Civil Action No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, *20 (E.D. Ky Oct. 23, 2008). As such, the parties have

agreed to a Twenty-Two Thousand Dollar ($22,000.00) service award to be divided equally among these six individuals subject to Court approval, and respectfully seek the same.

### D. The Distribution of Settlement Proceeds to All Participating Settlement Members is Equitable.

The distribution of settlement funds among settlement members need only be "fair, reasonable, and adequate." *UAW v. GMC*, 497 F.3d 615, 629 (6th Cir. 2007) (citing Fed. R. Civ. P. 23(e)(1)(C)). Attached to the Motion are the Settlement Agreement and the Consent to Join Collective Action Form that all opt-in Plaintiffs will be required to sign to participate in the Settlement Fund. (Doc. 31-1). The notice reasonably explains the terms of the settlement to each Plaintiff, including the payment called for by the settlement and the scope of the release. *UAW*, 497 F.3d 615 at 630. As the claims at issue arise under the federal minimum wage and each individual is alleged to have suffered from the same missed or late payments, distributions to opt-in Plaintiffs shall be on a pro rata basis so that each opt-in receives an equal percentage to all other opt-ins. As such, the parties have agreed to allot Fifty-Five Thousand Dollars ($55,000.00) to compensate the Representative Plaintiff, Opt-In Plaintiffs, and all Participating Settlement Members on a pro rata basis subject to Court approval, and respectfully seek the same.

### IV. CONCLUSION

In light of the foregoing, the parties respectfully request that the Court grant approval of the Settlement Agreement and Release of All Claims and that payment of Attorney Fees and Costs be approved by the Court.

|  | Respectfully Submitted, |
|---|---|
| /s/ Matthew S. Okiishi | /s/ Sean T. Needham |
| Matthew S. Okiishi (0096706)<br>FINNEY LAW FIRM, LLC<br>4270 Ivy Pointe Blvd., Ste. 225<br>Cincinnati, Ohio 45245<br>(513) 943-6659<br>Fax: (513) 943-6669<br>Matt@finneylawfirm.com | Sean T. Needham (0081382)<br>Reminger Co. L.P.A.<br>101 West Prospect Ave., Ste. 1400<br>Cleveland, OH 44115<br>(216) 687-1311<br>Fax: (216) 687-1841<br>Sneedham@reminger.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |