**EXHIBIT**

_____ A
_____

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into by and among Plaintiff, Marie McGonegle, on behalf of herself and all similarly situated individuals, ("Plaintiffs") and Defendants, Union Institute and University ("Union"), the Board of Trustees of Union Institute and University (the "Board"), and Dr. Karen Schuster Webb (collectively referred to as "Defendants"). Plaintiffs and Defendants will be collectively referred to as the "Parties."

WHEREAS, on April 11, 2023, Representative Plaintiff McGonegle initiated a lawsuit, individually and on behalf of those similarly situated, against Defendants by initiating a lawsuit in the United States District Court for the Southern District of Ohio, Western Division in captioned *McGonegle v. Union Institute and University, et al.*, Case No 1:23-cv-00199-DRC (the "Lawsuit"); and

WHEREAS, the Lawsuit seeks a collective action on behalf of Plaintiffs and other similarly-situated current and former employees of Defendants under the provisions of the Fair Labor Standard Act of 1938, 29 USC § 216(b) (FLSA), an Ohio collective action pursuant to Ohio Revised Code §§ 4111.02 and 4111.14, and an Ohio class action pursuant to Ohio Revised Code §4113.15, to recover overtime compensation, liquidated damages, attorney fees and costs; and

WHEREAS, Defendants have filed answers denying any liability to Plaintiff and asserting various affirmative defenses; and

WHEREAS, Plaintiff and Defendants now seek to settle the Lawsuit and all claims raised in the Lawsuit, subject to the approval of the Court; and

WHEREAS, Plaintiff's counsel has fully analyzed and evaluated the merits of Plaintiff's claims, Defendants' defenses, and this Settlement as it impacts Plaintiff and the putative collective, and after considering the foregoing along with the substantial risks of litigation,

Plaintiff's counsel is satisfied that the terms of this Settlement are fair, reasonable, and adequate and are in the best interest of the Plaintiffs; and

WHEREAS, Defendants expressly deny wrongdoing associated with the claims in the Lawsuit and enter into this Settlement Agreement solely for the purpose of avoiding the cost and disruption of ongoing litigation; and

NOW THEREFORE, in consideration of the covenants, terms and conditions set forth herein, the Parties agree as follows:

I.  **Definitions**

    A.  "Approval Order" means the Court's Order approving this Settlement.

    B.  "Court" means the United States District Court for the Southern District of Ohio, Western Division.

    C.  "Effective Date" means the first day after the date on which the Court approves this Settlement.

    D.  "Settlement Fund" means the gross settlement amount of One Hundred Ten Thousand Dollars ($110,000.00). The Settlement Fund is the sole and maximum payment by the Defendants and includes (1) all Settlement Awards (defined below); (2) any Service Payment approved for Named and Opt-In Plaintiffs; and (3) all Plaintiffs' Counsel's attorneys' fees and litigation expenses approved by the Court. The Finney Law Firm, LLC will serve as the custodian and administrator of the Settlement Fund.

    E.  "Individual Settlement Fund" means the amount available for individual Settlement Awards, after deducting all attorneys' fees, litigation expenses, and the Service Award.

F.  "Eligible Member" means an employee of Defendant Union, not including the named Defendants, who were not issued a paycheck on any pay date between February 1, 2023, and October 31, 2023.

G.  "Notice of Settlement" means the form approved by the Parties' Counsel, and subject to Court approval, that will be sent to each Eligible Member, along with their Settlement Award, and which will explain this Settlement.  A copy of the Notice of Settlement is attached hereto as **Exhibit A**.

H.  "Opt-In Plaintiffs" means the individuals who, as of the date of this Agreement, have filed a Consent to Join form with the Court.

I.  "Participating Settlement Member" means any individual who consents to participate in the Settlement Fund after August 25, 2023.

J.  "Plaintiffs' Counsel" means Matthew S. Okiishi of the Finney Law Firm, LLC.

K.  "Plaintiffs" means the Representative Plaintiff and the Opt-In Plaintiffs.

L.  "Released Claims" means, upon the Effective Date, the Plaintiffs will release, and forever discharge, Released Parties, from the wage-and-hour claims raised, or could have been raised, in the Complaint, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses for the Covered Period.

M.  "Covered Period" means the time between February 1, 2023 and October 31, 2023.

N.  "Released Parties" means Defendants and any of their officers, directors, board members, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise

related entities such as its attorneys, agents and insures, and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors.

O. "Settlement" means the Parties' resolution of the Lawsuit as to the Plaintiffs.

P. "Service Award" means the payment made from the Settlement Fund to Representative Plaintiff Marie McGonegle and Opt-In Plaintiffs Ray Bolin, Kelsay Corlew, Leslie Hamilton-Bruewer, Laura Wright, Ryan Worthen, for their services in bringing and prosecuting the Lawsuit.

II. **<u>Denial of Liability:</u>** Defendants deny liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. Consequently, this Agreement is a compromise, and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendants or the Released Parties, for any purpose, and under any circumstance. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties do not concede any claims or defenses that were, or could have been, raised in the Lawsuit; rather, they merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

III. **<u>Implementation of the Settlement:</u>** The Parties will prepare a Joint Motion to Approve the Settlement Agreement seeking the Court's approval of this Settlement. The Settlement is conditioned upon approval by the U.S. District Court for the Southern District of Ohio. The Parties will fully cooperate with each other and use reasonable

efforts, including all efforts contemplated by this Settlement and any other efforts ordered by the Court, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain approval of this Settlement without material modifications and to implement its terms.

IV. **Terms of the Settlement-Monetary:** Subject to the approval of the Court, and in return for the terms, conditions, undertakings and releases in this Settlement Agreement, Defendants agree to pay the gross Settlement amount of One Hundred Ten Thousand Dollars ($110,000.00). The Settlement amount will be used to pay:

   A. Class counsel attorney fees and costs to compensate Plaintiffs' counsel for their services to the class and administration of the Parties' Settlement.

   B. Service Award payments to the Named and Opt-In Plaintiffs to compensate them for their services to the class.

   C. Individual Settlement amounts to all Settlement Class Members.

V. **Attorneys' Fees and Costs:** Subject to the approval of the Court, Plaintiffs will seek reimbursement for attorney fees and costs and for the cost of administration in the amount of Thirty-Three Thousand Dollars ($33,000.00) (the "Attorneys' Fee"). Defendants agree that this amount is fair and reasonable for a case such as this, and Defendants will not object to this submission when presented to the Court for approval. The Attorneys' Fee approved by the Court will be paid from the Settlement Fund.

VI. **Service Award:** Conditioned upon approval by the Court, Plaintiff will seek a Service Award of Twenty-Two Thousand Dollars ($22,000.00) to be distributed equally among Representative Plaintiff Marie McGonegle and Opt-In Plaintiffs (Ray Bolin, Kelsay

Corlew, Leslie Hamilton-Bruewer, Laura Wright, and Ryan Worthen). These amounts are in addition to any amount they may otherwise receive as a Participating Settlement Member. Defendants agree that this amount is fair and reasonable for a case such as this, and Defendants will not object to this submission when presented to the court for approval. The Service Award approved by the Court will be paid from the Settlement Fund.

VII.  **Individual Settlement Fund**: Subject to the approval of the Court, the remainder of the Settlement Fund, anticipated to be Fifty-Five Thousand Dollars ($55,000.00), will be set aside to compensate the Representative Plaintiff, Opt-In Plaintiffs, and all Participating Settlement Members on a pro rata basis. Defendants agree that this amount is fair and reasonable for a case such as this, and Defendants will not object to this submission when presented to the court for approval.

A.  By accepting any portion of the Individual Settlement Fund, Representative Plaintiff, Opt-In Plaintiffs, and any Participating Settlement Members explicitly and irrevocably release Defendants, including their subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court

costs, which were or could have been asserted in the Lawsuit, whether in tort, contract or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.

VIII. **Settlement Administration Timeline:** The Finney Law Firm, LLC will serve as the custodian and administrator of the Settlement Fund. Defendants acknowledge that they have conveyed to the Finney Law Firm, LLC the gross settlement amount of One Hundred Ten Thousand Dollars (**$110,000.00**) for administration and distribution as follows:

A. Within 30 days of the Court's approval of this Settlement, Defendants shall provide a list containing the names, last best address, and last best email address of all Eligible Members (the "Member List");

B. Within fourteen (14) days of receipt of the Member List, Plaintiff's Counsel shall send, by regular and electronic mail, to all Plaintiffs the Notice of Settlement and Opportunity to Join;

    i. The thirty (30) day period following the mailing of Notice of Settlement and Opportunity to Join (the "Opt-In Period") shall constitute the only opportunity for any Eligible Member to join and participate in the Settlement Fund.

C. Within fourteen (14) days of the close of the Opt-In Period, Plaintiff's Counsel shall provide a list of all Participating Members to Defendants or, if represented, Defendants' Counsel.

D.  Within thirty (30) days of the close of the Opt-In Period, the Plaintiff's Counsel shall mail each Eligible Member who has joined and participated in the Settlement Fund their portion of the Settlement Fund.

    i.  Plaintiff's Counsel will mail the settlement checks directly to the Participating Settlement Members based on the allocations. Mailing will be deemed effective as of the postmark date and will be via non-certified U.S. Mail.

IX.  **Tax Treatment of Settlement Awards:** For tax purposes, the Parties agree Settlement Awards will be considered a settlement of claims for liquidated damages subject to form 1099 reporting. Participating Settlement Members will be responsible for all taxes, assessment, penalties, and any other costs owed to any governmental agency under this portion of the Settlement Amount and will indemnify and hold harmless Defendants from any and all tax consequences resulting therefrom.

X.  **Release of Claims by Representative Plaintiff and Opt-In Plaintiffs:** Upon final approval by the Court of this Settlement Agreement, each Settlement Class Member, on behalf of himself and his heirs and assigns, hereby forever releases and discharges the Defendants, including their subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind,

including all claims and demands for attorney fees and court costs, which were or could have been asserted in the Lawsuit, whether in tort, contract or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.

XI. **Construction, Interpretation, and Modification:**  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter included in this Agreement and it shall supersede all prior and contemporaneous negotiations between the parties.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for, or against, any party, regardless of who drafted, or who was principally responsible for drafting, this Agreement, or any specific term or condition in this Agreement. The Parties participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, the Parties may not claim any ambiguity in this Agreement should be construed against another.

   A. If there is a conflict between this Agreement and any other document related to this Settlement, the Parties intend for this Agreement to control.

   B. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. The Parties agree this Agreement is to be construed according to its terms and it may not be varied, or contradicted, by extrinsic evidence.

   C. This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio. The Parties agree

that if either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred in enforcing the terms and conditions contained herein.

D. If any provision of this Agreement, except the Release, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable the remaining portions of this Agreement will remain in full force and effect to the extent the effect of this Agreement, as well as the obligations of the Parties, remains materially the same.

E. This Agreement may not be modified or amended, except in writing, signed by the Parties or their Counsel, and as approved by the Court. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

F. This Agreement is binding upon, and shall inure to the benefit of, the Parties. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of the Released Parties. Likewise, this Agreement shall be binding upon the Plaintiffs' spouses, children, heirs, assigns, administrators, executors, beneficiaries, conservators, successors, and offspring.

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it effective this 18th day of December 2023.

Marie McGonegle, on behalf of herself and the Opt-In Plaintiffs

Client Signature: _Marie McGonegle (Mar 11, 2024 11:44 EDT)_____

Date: 11/03/2024 _____

Union Institute and University

By: _____

Its: _____

Date: _____

The Board of Trustees of Union Institute and University

By: _____

Its: _____

Date: _____

Dr. Karen Schuster Webb

Date: _____

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it effective this 18th day of December 2023.

Marie McGonegle, on behalf of herself and the Opt-In Plaintiffs

Date: _____

Union Institute and University

By: _____

Its: _____President_____

Date: _____February 23, 2024_____

The Board of Trustees of Union Institute and University

By: _____

Its: _____

Date: _____

_____

**Dr. Karen Schuster Webb**

Date: February 23, 2024

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it effective this 18th day of December 2023.

Marie McGonegle, on behalf of herself and the Opt-In Plaintiffs

Date: _____

Union Institute and University

By: _____

Its: _____

Date: _____

The Board of Trustees of Union Institute and University

By: _____

Its: _____Board Chair_____

Date: _____February 29, 2024_____

_____

Dr. Karen Schuster Webb

Date: _____

Page **1** of **1**

# Finney Law Firm- McGonegle Proposed Settlement Agreement (FLF) (1)

Final Audit Report                                                    2024-03-11

| | |
|---|---|
| Created: | 2024-03-11 |
| By: | Jessica Fox (jessica@finneylawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAABGmBLNydsrA0pvRJfU8qnJ54inUs-z68 |

## "Finney Law Firm- McGonegle Proposed Settlement Agreement (FLF) (1)" History

📄 Document created by Jessica Fox (jessica@finneylawfirm.com)
2024-03-11 - 3:36:39 PM GMT- IP address: 66.117.195.178

📧 Document emailed to Marie McGonegle (marie.mcg87@yahoo.com) for signature
2024-03-11 - 3:36:45 PM GMT

📄 Email viewed by Marie McGonegle (marie.mcg87@yahoo.com)
2024-03-11 - 3:38:00 PM GMT- IP address: 166.199.98.125

✍️ Document e-signed by Marie McGonegle (marie.mcg87@yahoo.com)
Signature Date: 2024-03-11 - 3:44:57 PM GMT - Time Source: server- IP address: 166.199.98.125

✅ Agreement completed.
2024-03-11 - 3:44:57 PM GMT

**Adobe Acrobat Sign**



## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
*Marie McGonegle v. Union Institute and University, et al.*
Case No. 1:23-cv-199.

**You are receiving this notice because you may be entitled to compensation from a Collective Action Settlement if you are a current or where a former employee of Union Institute and University, were not paid the minimum wage for work performed after February 24, 2023, and/or were not timely paid on any one or more pay dates after February 24, 2023.**

The Parties have entered this settlement solely with the intention of avoiding further disputes and the attendant inconvenience and expense of litigation.

**You are receiving this Notice as part of a settlement in this Case. You must decide whether you would like to be a part of this Collective Action. Please read this Notice carefully, as your rights may be affected by how you proceed.**

<u>**CONTINUE CAREFULLY READING THIS NOTICE IN ITS ENTIRETY.**</u>

## BASIC INFORMATION

### 1. Why did I receive this notice?

Plaintiff Marie McGonegle is an employee of Union Institute and University who has brought this action on behalf of all persons who have worked for Union Institute and University at any point after February 24, 2023, were not paid the minimum wage for work performed after February 24, 2023, and/or were not timely paid on any one or more pay dates after February 24, 2023.

The Court ordered that you be sent this Notice because you have a right to know about the settlement of this collective action lawsuit that affects your rights. This Notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

### 2. What is the Lawsuit about?

This lawsuit concerns allegations that Defendants failed to timely pay Representative Plaintiff and other similarly situated employees the minimum wage for work performed at any point after February 24, 2023, which resulted in nonpayment in violation of the Fair Labor Standards Act (FLSA) and Ohio law. The Court has not made any ruling on the merits of the claims.

### 3. What is a collective action?

In a "Collective Action," one or more people called "Representative Plaintiffs" sue on behalf of people who have similar claims. When other employees who have similar claims opt into the Collective Action, they become "Collective Members" or "Opt-in Plaintiffs."

In an FLSA collective action, current and former employees who wish to participate in the lawsuit must opt in, meaning they must affirmatively file a written consent to join. Potential opt-ins who choose not to join the collective action are not bound by the outcome and may file a separate action if their claims are not time-barred.

By opting into this lawsuit, you agreed to be bound by all orders of the Court.

### 4. Why is there a settlement?

The Court did not decide in favor of Representative Plaintiff or Defendants. The Parties agreed to this settlement with the intention of avoiding further disputes and the attendant inconvenience and expense of litigation. That way, they avoid the cost and uncertainty of a trial, and the people affected will get compensation.

## THE SETTLEMENT BENEFITS

### 5. What does the settlement provide?

The total maximum amount that Defendants will be required to pay under this Settlement is One Hundred Ten Thousand Dollars ($110,000.00) ("Settlement Fund"). The following amounts will be deducted from the Settlement Fund if approved by the Court: Reimbursement for attorney fees and costs and for the cost of administration in the amount of Thirty-Three

Thousand Dollars ($33,000.00) and a Representative Service Award of Twenty-Two Thousand Dollars ($22,000.00).

The remainder of the Settlement Fund, anticipated to be Fifty-Five Thousand Dollars ($55,000.00), will be set aside to compensate the Representative Plaintiff, Opt-In Plaintiffs, and all Participating Settlement Members on a proportional basis.

By accepting any portion of the Individual Settlement Fund, Representative Plaintiff, Opt-In Plaintiffs, and any Participating Settlement Members explicitly and irrevocably release forever Defendants, including their subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court costs, which were or could have been asserted in the Lawsuit, whether in tort, contract or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.

| **6. How much will my payment be if I participate in the Settlement?** |
|---|

Federal law requires that you opt in to the FLSA Collective Action to participate and receive a payment. If you complete and timely mail the FLSA Collective Consent Form, you will be an "Opt-In Plaintiff," and you will receive payment on a proportional basis from the Settlement Fund. Because the payment to each Participating Settlement Member is dependent on the number of persons who participate, the precise amount you may receive cannot be ascertained at this time. However, it is estimated that each Participating Settlement Member will receive a minimum of $200.

This award will reflect a non-wage payment that will be reported on an IRS Form 1099.

**If you are a FLSA Collective Member, to receive a payment from the FLSA Net Settlement Fund, you must complete the enclosed FLSA Collective Consent Form and return it to the Settlement Administrator by no later than_____, 2024.**

**RELEASE OF CLAIMS**

| **7. How does the Settlement affect my rights?** |
|---|

**All Collective Members who are Opt-In Plaintiffs will be bound by the Court's Final Judgment and will also release Defendants and the Released Parties from any and all claims arising under the FLSA and Ohio state law. The Release of Claims by Opt-In Plaintiffs provides as follows:**

**By accepting any portion of the Individual Settlement Fund, Representative Plaintiff, Opt-In Plaintiffs, and any Participating Settlement Members explicitly and irrevocably release and discharge the Defendants, including their subsidiaries, affiliates,**

3

**predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court costs, which were or could have been asserted in the Lawsuit, whether in tort, contract or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.**

## THE LAWYER REPRESENTING YOU

| **8.  Do I have a lawyer in this case?** |
|---|

By becoming a Participating Settlement Members will be represented by the Finney Law Firm, LLC for purposes of this case. You will not be charged for these lawyers.

You do not need to retain your own attorney in order to participate in the settlement. However, you may engage independent legal counsel to advise you of your rights at your own cost.

| **9.  How will the lawyers be paid?** |
|---|

The attorneys for the FLSA Collective will be paid from the Settlement Fund. Subject to Court approval, Counsel shall be paid an amount not to exceed thirty percent of the gross Settlement Fund ($33,000.00) for attorneys' fees and litigation costs. These amounts compensate Plaintiffs' Counsel for investigating the facts, litigating the case, negotiating the settlement, administering the fund and reimbursing Plaintiffs Counsel's out-of-pocket costs.

## GETTING MORE INFORMATION

| **10. How do I get more information?** |
|---|

If you have other questions about the settlement, you can contact the attorneys at the address and/or telephone number below.

<div align="center">

Matthew S. Okiishi
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorneys for Plaintiff*

</div>

4

This Notice, which has been approved by the Court, is only a summary. A more detailed Settlement Agreement contains the complete terms of the Settlement, and is on file with the Court, where it is available for your review.

| YOUR OPTIONS IN THIS NOTICE | |
|---|---|
| To participate in the Settlement Fund | Fill out the Consent to Sue Form and return it by email, fax, or regular mail to the lawyers within 30 days. |
| To not participate in the Settlement Fund | Do nothing. |

**FLSA COLLECTIVE CONSENT FORM**

*Marie McGonegle, et al. v. Union Institute and University, et al.*
Case No. 1:23-cv-00199
United States District Court, Southern District of Ohio, Western Division

If you wish to participate in this Collective Action, you **must** return a written "Consent to Join Collective Action" Form by _____, 2024, in order to opt-in to the Collective Action and receive a payment from the Settlement Fund. If you timely complete and submit this form, you will be an Opt-In Plaintiff and will receive a Settlement Share from the Settlement Fund. If you do not fill out and return this form postmarked by_____, 2024, you will not receive a Settlement Share from the Settlement Fund.

<div style="border:1px solid black">

**THE LAST DAY TO DELIVER THE CONSENT TO JOIN COLLECTIVE ACTION FORM IS**
**[30 days after mailing]**

**IF YOU WISH TO OPT-IN TO THE COLLECTIVE ACTION, YOU MUST DO ONE OF THE FOLLOWING:**

1. **MAIL THE ENCLOSED CONSENT AND FORM W-9 TO JOIN COLLECTIVE ACTION FORM TO:**

   **FINNEY LAW FIRM, LLC**
   **c/o Matthew S. Okiishi, Esq.**
   **4270 Ivy Pointe Blvd., Suite 225**
   **Cincinnati, Ohio 45245**

2. **FAX IT TO (513) 943-6669 OR**

3. **EMAIL IT TO matt@finneylawfirm.com**

</div>

**RELEASE OF CLAIMS**

By completing the "Consent to Join Collective Action" Form and accepting any portion of the Individual Settlement Fund, you will be bound by the Court's Final Judgment and will release Defendants including their subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court costs, which were or could have been asserted in the Lawsuit, whether in tort, contract

6

or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.

## CONSENT TO JOIN COLLECTIVE ACTION
### Fair Labor Standards Act of 1938
### 29 U.S.C. § 216(b)

I am/was employed at Union Institute and University as an employee.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to join the collective action brought in the United States District Court for the Southern District of Ohio entitled *Marie McGonegle v. Union Institute and University* to recover unpaid wages, overtime  wages and other sums owing to me and to other, similarly-situated employees under the Fair Labor Standards Act [29 U.S.C. §§ 201-219], and other applicable federal and state laws.

I understand that by operation of the Final Approval Order and Judgment, I shall have released Union Institute and University, including its subsidiaries, affiliates, predecessors, owners, principals, partners, officers, directors, board members, agents, legal counsel, managers, supervisors and employees, as well as any successors and assigns, from any and all claims, rights, demands, causes of Lawsuit and damages of any nature under State, Federal or local law arising out of or related to the allegations made in the Lawsuit that reasonably arise out of the facts alleged in the Lawsuit, including for any bonus, incentive or other employment-related payments, liquidated damages, expenses, and costs of liability of any kind, including all claims and demands for attorney fees and court costs, which were or could have been asserted in the Lawsuit, whether in tort, contract or for violations of any local, State or Federal law up throughout the Covered Period, arising from employment by Defendants.

I hereby authorize FINNEY LAW FIRM to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.


_____   _____

Date Signed                          Signature



                                     _____

                                     Print Name

_____

Address                                      City              State           Zip


_____   _____

Telephone Number                             E-Mail Address


7

To join the collective action, you must complete this consent form, sign your name where indicated, and send it by email, mail, or fax to one of the following:

Matthew S. Okiishi, Esq.
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669 (fax)
matt@finneylawfirm.com