# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARIE MCGONEGLE,

      Plaintiff,

  v.

UNION INSTITUTE AND
UNIVERSITY, *et al.*,

      Defendants.

Case No. 1:23-cv-199

JUDGE DOUGLAS R. COLE

## ORDER

Named Plaintiff Marie McGonegle, Opt-in Plaintiffs Ray Bolin, Kelsay Corlew, Leslie Hamilton-Bruewer, Laura Wright, and Ryan Worthen,[1] and Defendants Union Institute and University, The Board of Trustees of Union Institute and University, and Dr. Karen Shuster Webb have jointly moved for the Court to approve their negotiated settlement agreement in this Fair Labor Standards Act (FLSA) collective action. (Doc. 31). As the Court recently explained in *Gilstrap v. Sushinati LLC*, No. 1:22-cv-434, 2024 WL 2197824 (S.D. Ohio May 15, 2024), the Court is neither required by the FLSA to approve privately negotiated settlements of collective actions nor authorized to do so under Article III of the United States Constitution, as there

---

[1] The motion itself says that it is "Plaintiff" who is asking the Court to approve the settlement. (Doc. 31, #169). But once the other similarly-situated employees opt in by filing a consent, they are joined to the action as plaintiffs. *Gilstrap v. Sushinati LLC*, No. 1:22-cv-434, 2024 WL 2197824, at *2 n.4 (S.D. Ohio May 15, 2024). So, as the settlement agreement itself reflects, (*see* Doc. 31-1, #181–82), it is all of the plaintiffs who are seeking approval.

is no remaining "Case" or "Controversy" to adjudicate.[2] Opining on the enforceability, fairness, or propriety of a proposed private settlement agreement among the parties[3] to this collective action would amount to an advisory opinion that is beyond the scope of the Court's authority. True, the agreement also purports to allow other employees to opt in to the agreement, to receive benefits under it, and to become subject to it. (*See* Doc. 31-1, #185–86). But, because McGonegle has not sought certification of any class claims, no one who does not specifically consent to the terms of the agreement will release any claims under it. (*Id.* at #181, 186–87). As the Court explained in *Gilstrap*, it is the due process concerns that arise from a settlement agreement's binding effect on non-parties that gives rise to the requisite present dispute needed to provide the Article III jurisdictional hook for assessment of the fairness of a *class action* settlement. *See Gilstrap*, 2024 WL 2197824, at *7 & n.7, *10.

As that is not present in this case, for the reasons explained in *Gilstrap* and this Order, the Court **DENIES** the Joint Motion for Order (1) Approving Settlement Agreement and Release of All Claims; and (2) Approving Payment of Attorneys' Fees and Costs (Doc. 31) on the ground that it lacks authority to grant it. To terminate this case, the parties may file a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). And with respect to the settlement itself, it suffices for the

---

[2] This holding equally applies—for the same reasons—to collective actions arising under Ohio Revised Code § 4111.14(K). (Doc. 1 ¶¶ 47–51, #8–9).

[3] The docket lists only McGonegle as a plaintiff. But each of the other opt-in plaintiffs currently bound by the settlement has expressly "consent[ed] to be a party plaintiff" in this collective action and "to be bound by any settlement." (*E.g.*, Doc. 5-1, #70 (consent of Hamilton-Brewer)).

Court to observe that the parties may enter into any contract they wish—this Court currently expresses no opinion on such a contract's enforceability or fairness.

**SO ORDERED.**

May 17, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**